Domenic Romano, Esq.
(SBN: 2564037)
Domenic@romanolaw.com
**ROMANO LAW PLLC**
55 Broad Street, 18th Fl.
New York, NY 10004
Telephone: 212-865-9848
Facsimile: 646-661-4599

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TZVEE ROTBERG, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE HOME DEPOT, INC., a Delaware corporation,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 ET SEQ. (TELEPHONE CONSUMER PROTECTION ACT)**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiff Tzvee Rotberg ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant THE HOME DEPOT, INC. ("Defendant"), in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2. The TCPA prohibits the use of automatic telephone dialing systems ("ATDS") to send text messages to cellular telephones without prior express consent.

3. Defendant violated the TCPA by using and continuing to use an ATDS to transmit text messages to Plaintiff's and the Class Members' cellular telephones without their prior express consent.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction because this case arises out of violation of federal law; namely, 47 U.S.C. § 227 *et seq.*

5. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, because Plaintiff resides within this District, Defendant transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is, and at all times mentioned herein was, an individual residing in the County of Rockland, New York.

7. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company

whose State of Incorporation is in the State of Delaware and principal place of business is in Atlanta, Georgia.

## FACTUAL ALLEGATIONS

8. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

10. Beginning in June of 2015, Defendant sent unsolicited marketing text messages to Plaintiff's cellular phone ending 2991.

11. Since in or around June of 2015, Defendant has continued to send frequent unsolicited text messages to Plaintiff, often sending Plaintiff several unsolicited text messages in a single week.

12. On or about February 25, 2016, Plaintiff received a text message from Defendant on his cellular telephone.  The body of the message read:

> HOME DEPOT: You're welcome. Here are today's specials and offers. Shop now: http://vbs.cm/a0Nv9w.

13. On or about February 29, 2016, Plaintiff received another text message from Defendant on his cellular telephone. The body of the message read:

> HOME DEPOT: Get Up to $45 OFF Cleaning Supplies. Get Coupons: http://vbs.cm/X0CwTS.

14. Defendant used short message script code 65624 to send these unsolicited text message to Plaintiff's cellular telephone.

15. Upon information and believed, Plaintiff alleges that Defendant used an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1) and prohibited by 47

U.S.C. § 227(b)(1)(A) to send the text messages to Plaintiff's cellular telephone.

16. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. This ATDS also has the capacity to send text messages to a cellular telephone numbers from a list of telephone numbers automatically and without human intervention.

18. At no time did Plaintiff provide his consent to Defendant to use an ATDS to transmit text messages or calls to his cellular phone.

19. At no time did Plaintiff agree in writing for Defendant to send him text marketing messages using an ATDS.

20. At no time did Plaintiff provide his signature to Defendant, authorizing Defendant to send him marketing text messages using an ATDS.

21. At no time did Plaintiff enter into an agreement with Defendant, in which he provided his cellular phone number to Defendant, clearly authorized Defendant to deliver ads or marketing messages to his cellular phone using an ATDS, or which clearly and conspicuously informed Plaintiff that receipt of telemarketing text messages from Defendant was not a condition of purchase of Defendant's goods or services.

22. The telephone number that Defendant texted was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

23. These text messages constituted "calls" that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

24. The unsolicited text messages sent by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1)(A)(iii).

//

//

**CLASS ACTION ALLEGATIONS**

25. Plaintiff brings this action on behalf of himself and on behalf of a nationwide class of similarly situated individuals.

26. Plaintiff represents and is a member of the class ("Class") consisting of:

> All persons within the United States who received any text message from Defendant or its agent/s and/or employee/s on said person's cellular telephone that was sent using any automatic telephone dialing system within four year prior to the filing of the Complaint in this action.

27. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

28. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an ATDS to transmit unsolicited text messages, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby

29. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

30. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can

be identified through Defendant's records or Defendant's agents' records.

31. Common questions of law and fact exist as to all class members such that those questions predominate over questions affecting Plaintiff or individual class members. These common questions include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents sent any unsolicited text message(s) to a Class member using ATDS to any telephone number assigned to a cellular phone service;

    b. Whether the text messages sent by Defendant or its agents constitute telemarketing text messages, which have a heightened consent requirement under 47 C.F.R. § 64.1200;

    c. Whether Defendant or its agents sent text messages to persons who did not provide prior express consent as mandated by the TCPA to receive them;

    d. Whether Defendant or its agents used an ATDS to send the text messages at issue;

    e. Whether Plaintiff and the Class members were damaged as a result of Defendant's illegal conduct, and the extent of damages for such violation;

    f. Whether Defendant should be enjoined from engaging in such conduct in the future;

    g. Whether Class members are entitled to treble damages based upon the willfulness of Defendant's conduct.

32. As a person who received text messages without his prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

33. Plaintiff and the members of the Class have all suffered irreparable harm as a result of

the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

34. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the TCPA.

35. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

36. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.***

37. Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

38. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

39. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

40. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 *ET SEQ.*

41. Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

42. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

43. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

44. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the Court grant Plaintiffs and the Class Members damages against Defendant and judgment as follows:

- That this action be certified as a Class Action, Plaintiff be appointed as the representatives of the Class, and Plaintiff's attorneys be appointed Class Counsel;

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;

- Post-judgment interest; and,

- Any and all other relief as this Court may deem necessary or appropriate.

### **TRIAL BY JURY**

45. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this ____ day of April 2016.

> By: /s/ Domenic Romano
> Domenic Romano
> Domenic@romanolaw.com
>
> Attorneys for Plaintiff