# King & Spalding

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Peter Isajiw
Direct Dial: +1 212 556 2235
Direct Fax: +1 212 556 2222
pisajiw@kslaw.com

August 23, 2016

**VIA ECF**

Hon. Cathy Seibel
United States District Judge
The Hon. Charles L. Brieant Jr.
   Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601

                Re:    *Rotberg v. The Home Depot, Inc. and Vibes Media, LLC*,
                          No. 7:16-CV-02959-CS

Dear Judge Seibel,

      This firm represents defendant The Home Depot, Inc. ("Home Depot") in this matter. Pursuant to Section 2.A of Your Honor's Individual Practices, we respectfully request a pre-motion conference with the Court before the filing of a motion to dismiss the First Amended Complaint ("FAC").

      In the FAC, plaintiff Tzvee Rotberg alleges that Home Depot and Vibes Media, LLC ("Vibes") violated the Telephone Consumer Protection Act ("TPCA") because Plaintiff received a confirmatory text message containing a web link – "www.vibes.com/help" – after opting out of Home Depot text messages for which he had previously signed up. (FAC ¶ 20.)

      Home Depot anticipates moving to dismiss the FAC on at least four separate grounds. First, as Vibes notes in its request for a pre-motion conference, the Federal Communications Commission ("FCC") allows companies to send opt-out confirmation messages to consumers, so long as the opt-out confirmation does not contain marketing information. *See Rules & Regulations Implementing the TCPA*, Declaratory Ruling, 27 FCC Rcd. 15,391, 15,391 (2012). A web link to a "help" website is not marketing, particularly where the website merely offers a form for customers to complete to request additional technical assistance. (*See* FAC Ex. B.) No Home Depot product or service is even mentioned on the Vibes "help" webpage, much less marketed or promoted.

      Second, the FAC does not plausibly allege that Vibes used an autodialer to send the confirmatory text message. Plaintiff alleges "[u]pon information and belief" that Defendants

Judge Seibel
August 23, 2016
Page 2

used an "automatic telephone dialing system," but does not provide any supporting evidence. (FAC ¶ 16.) Such allegations do not satisfy Rule 8, which "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The FAC should be dismissed because "it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Third, Plaintiff does not allege any concrete injury caused by the confirmatory text message. Plaintiff has no standing to sue Defendants under the TCPA without having suffered an injury in fact. *See, e.g.*, *Romero v. Dep't Stores Nat'l Bank*, 2016 WL 4184099, at *3 (S.D. Cal. Aug. 5, 2016). Plaintiff alleges that the telephone number texted was assigned to a cellular telephone for which he incurs a charge for incoming calls (FAC ¶ 19), but Defendants did not call him, they merely sent a single confirmatory text. Plaintiff does not allege that he incurs a charge for incoming text messages. Even if he did, the FCC permits the sending of one confirmatory text message, which is the only message he received. Plaintiff has not alleged that he actually visited the www.vibes.com/help webpage. He was therefore not exposed to the alleged marketing material. In any event, if Plaintiff did actually visit the webpage, he has not alleged any injury flowing from his visit.

Fourth, Home Depot is not a proper defendant in this case because Home Depot did not send the text message at issue. As the FAC acknowledges, the alleged marketing material on the help webpage related to Vibes, not Home Depot. (FAC ¶ 20.) The FAC does not plausibly allege that Home Depot is vicariously liable for the text message from Vibes. To establish vicarious liability, Plaintiff must plead an "agency relationship" between Home Depot and Vibes. *See, e.g.*, *Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 138 (E.D.N.Y. 2015). The FAC fails to allege that Home Depot had the power to give "interim instructions" to Vibes, and fails to offer "any non-conclusory suggestion of 'direction' or 'control'" by Home Depot of Vibes or the content of the www.vibes.com/help webpage. *Id.* at 139. The FAC's single allegation "on information and belief that Home Depot directed, authorized and condoned the sending of the text messages to Plaintiff by the text messaging company Vibes" (FAC ¶ 10) is not enough to "nudge" Plaintiff's claims against Home Depot "across the line from conceivable to plausible." *Jackson*, 88 F. Supp. 3d at 138 (citing *Twombly*, 550 U.S. at 555).

Given the multitude of reasons to dismiss the FAC, Home Depot requests a pre-motion conference so that it may file a motion to dismiss. Home Depot also reserves the right to move on additional grounds that may develop during the course of its investigation of the claims asserted in the FAC.

                                                            Respectfully submitted,

                                                            */s/  Peter Isajiw*

                                                            Peter Isajiw

Cc:    Amy E. Richardson
          S. Stewart Haskins
          Zheyao Li